The appellate court of Illinois has reached a meeting. Thank you. You may be seated. Our first case this afternoon is 4-150966, and that is Pekin Insurance Company v. St. Paul Lutheran Church. For the appellant, we have Mr. Berglund, is that correct? That is correct. Okay. And for the appellee, we have Mr. Plora. Am I pronouncing that correctly? Yes, that's correct. Am I remembering correctly from last time? And then Mr. Gravlin. That's correct. All right. You may proceed, counsel. Good afternoon, Your Honors. My name is Rich Berglund, and I represent the plaintiff and appellant in this case, Pekin Insurance Company. I drove down here this morning. It took me about three hours from Chicago. It gave me a lot of time to think about what I was going to say to the panel this morning. And the one thing that kept crossing my mind was if I were the panel and I was looking at the briefs, I would want to ask myself, you know, what type of relief are you seeking? What, Pekin, are you looking for us to do here? And the answer to that question is relatively simple, although it may not seem as much from the briefs. Our request would be for you to reverse and to remand with instructions to allow Pekin Relief to file a second amended complaint and then to immediately stay the declaratory action pending resolution of the underlying case. Well, let me interrupt by mentioning I think that kind of introspection is always valuable to ask what would we be asking. But the question primarily in my mind is why are you even here? Why, and I concede I don't pretend to be an insurance law expert, but especially given what you just said, how the relief you're requesting, why don't you just wait and see how the underlying case proceeds and then we can determine to what extent, if any, Pekin Insurance is implicated and has an interest? That's an excellent question. If the court were to affirm the dismissal with prejudice of our complaint for declaratory judgment and we would just wait to see it out as opposed to reversing and ordering a stay. If there is some issue with respect to indemnification down the line, there is another issue. The parties would have to reinstitute another lawsuit. And I think it's practical to keep this as like a placeholder, keep this declaratory judgment action on file as a placeholder in the event that some issue arises between the parties later on. If that does happen, the stay can be lifted and we can revive the litigation and we can litigate that issue within the confines of this lawsuit. Had you not brought this action or if we affirm the trial court's rulings, does that mean you wouldn't be able to proceed, take whatever action is necessary later on to protect whatever interest Pekin Insurance has? I do not believe that it does, Your Honor. Say again? I do not believe that it does, Your Honor. I believe that... See, that's the trouble when you ask a convoluted, difficult question. You get an answer that now I don't understand the answer because the question was bad. No, it wasn't a bad question. Let me restate it. Assuming Pekin Insurance has... Assuming the underlying litigation goes badly from the point of view of Pekin Insurance, that you have an interest that's implicated, something bad happens, wouldn't you be able to later on raise this issue and seek redress of some crime? Yes, Your Honor, we would. We would be able to file a complaint for declaratory judgment seeking a declaration that we had no duty to indemnify the church against any judgment that was entered against it in the underlying case. Why wouldn't that be then an adequate remedy for your concerns as opposed to, for lack of a better way to put it, jumping the gun here and filing this action now? Well, it's procedurally proper to do what we did now. I do not believe that it was jumping the gun. In Illinois, what an insurance company does when it's presented with a complaint that potentially alleges coverage, and in this case there's no getting around the fact that the underlying complaint does allege that the pastor was acting within the scope of his employment for the church at the time, which if true, triggers coverage. But Pekin is in possession of information, in fact, Pastor Gertie's deposition testimony, which provides that he was not operating his vehicle in connection with church business at the time, which would negate coverage. So, under Illinois law, and I cited a case, TIG v. Cannell & Associates, I cited it in the trial court and I cited it in our briefs here, and the appellees did not distinguish or cite that case. And what that case stands for is, in a situation such as this, the proper procedural cause of action is not to dismiss the complaint, but to stay the declaratory action pending resolution of the underlying case. And because we already have a declaratory judgment action on file, that would be our request here, that we just reverse and remand. But you haven't answered my question of why did you do it. At best you said, it's not impermissible to do this, but I still don't understand what you're... This is not a pro bono exercise by anyone concerned. People are spending their time and money, why are you here? That's absolutely correct. And we're here for one reason, really, to inform our insured that there is potentially no coverage under the policy. And in doing so, we have to name the underlying tort plaintiff as a nominal but necessary party. And that puts that party on notice, hey, there's a potential coverage issue here, and that party needs to know about that.  Because they may not know the construct of the potential coverages under the policy. A registered letter wouldn't suffice? By the way, just so you know, this is our position. Why do you have to sue to get that message across? The answer to your question is we do not have to sue, but we did in this case. And the law that I cited in our briefs supports our decision to file a lawsuit. But is the trial court required to do that? The trial court was not required to do it. Absolutely not. But it could have. And within its discretion, it could have ordered to stay. I asked it when we were up on our motion for leave to file a second amendment complaint. I didn't want to end up here. I really didn't. And so I saw what was happening, and I reached out to opposing counsels, and I said, why don't we just stay the case in lieu of these sanctions motions and us proceeding with the litigation? Why don't you just allow us to amend our complaint, and we'll stay the case? And in staying the case, Pekin will agree to defend the church in case Country Mutual, which is defending it now, pops off the defense for whatever reason. We'll defend you under a reservation throughout the entirety of the underlying lawsuit. Let's just end this now to avoid any further litigation in the matter. But neither the defendants nor really the trial court thought that was the appropriate course. Well, I guess my point is, given that it's discretionary, I mean, I don't understand. So you want us to find that we are in a better position than the trial court to decide that issue and direct the trial court to stay it? I would like you, yes, that would be our request for you to do, because we believe that procedurally it is the proper move, and it's also practically in the best interests of all the parties to this litigation. I mean, if the complaint is dismissed, and it's dismissed for failure to state a claim, St. Paul doesn't even get the relief that it seeks. It's saying that Pekin has a duty to defend. But there's no judgment that Pekin has a duty to defend. All there is is a decision stating that Pekin's failed to state a claim for declaratory judgment, which is the whole – I was scratching my head, and I couldn't figure it out why they had filed a motion pursuant to 2615 to dismiss, and I didn't necessarily feel like I needed to tell them how to react to our complaint. But I think that if it were me, I would have probably done something a little bit different. I either would have agreed to a stay, or I would have moved for judgment on the pleadings, in my favor, saying, you know, here's what the complaint says, you owe us a duty to defend, and I want the court to make a decision on that issue. Not, hey, let's dismiss the complaint because it fails to state a claim for declaratory relief. That doesn't get anybody anywhere. So, the way that we look at it is, from a practical standpoint, it makes more sense to reverse and remain with instructions to stay, rather than just to affirm, and then just have the parties have to litigate this again later on down the road. Granted, we may not have to do that. But my response to that would be, well, if that is indeed the case, then later on, if St. Paul gets out, then Pekin just moves to lift the stay, and it dismisses the complaint for declaratory judgment with prejudice, because it's moved. For those reasons, and all the reasons stated in our brief. Unless the panel has any further questions for me. I don't see any questions. Thank you, counsel. You'll have time on rebuttal. Thank you very much. Mr. Poirot? Your honors, counsel. I will be very brief. Sometimes I wonder if courts and the justices read the case ahead of time. And Justice Steigman reassured my question. You guys get it. You understand this case, just by the questions. So, you've done your homework. Really, there is no controversy. This is a deck judgment action. There is no controversy, because they filed a lawsuit against country. They filed a lawsuit, a deck judgment action against St. Paul's. And country says, we'll accept the defense. No reservation rights. We'll do that. And now they want to persist. And the problem is, they're not on the hook right now to defend. They're not on the hook to pay anything. But they want an advisory rule. And that's what they want. And it's just not right. Okay. Ignoring for the fact, right now, that if you're going to decide whether or not Gerdes was or wasn't operating his vehicle in the course of business or whatever, you're going to have to decide and issue this fundamental to the underlying case, which the law in Illinois says you can't do. Your Honor, I think you understand it. There's no reason to go down the road of this court saying, I'm going to issue an advisory ruling. Last thing, the court may issue this. They said they want the court to do this. What the court did was perfectly proper. It said, we're not going to do this. I'm going to grant the motion to dismiss. If there's any questions, I'm happy to answer. I don't see anything. Thank you, counsel. Any rebuttal? No, we've got another. Oh, I'm sorry. I didn't know you had to budge. It's your time. It's fine. Good afternoon. Michael Grevin on behalf of the State of Kitty Mullins. I don't want to add too much to this other than it's a basic analysis. In this circumstance, you would take the underlying pleadings. You compare it to the policy. It's all been well-briefed. The judge did that. He came to the determination that after the deduction in our motion to dismiss, he grants the motion to dismiss. They get another bite at the apple. Instead of amending, he first grants the motion to dismiss without prejudice. Instead of amending at that time, they file a motion to reconsider, and he denies that motion as well. Then they finally offer a second amended complaint, which does not cure the defect in it. At that point, the judge denies leave. I believe that the court's ruling is both in terms of granting the motion to dismiss and denying the motion to reconsider. Denying the motion for leave will properly deny it as it may be affirmed. Thank you. Thank you. Any rebuttal, counsel? Briefly. Just very quickly, I do not believe that we're standing up here today seeking an advisory ruling. We're actually seeking the imposition of a stay, which would preclude any sort of ruling in the case pending resolution of the underlying action.  That's 389-IL-APT-3D-366. I did not cite this case in our briefs, and I apologize for that. I ran across it last night, and I was doing some additional research. It's actually a case out of the 4th District. Justice Steigman, you concurred in the opinion, and Justice Turner delivered the opinion. I would just like the court to take judicial notice of this opinion. It's 384-IL-APT-3D-726. I believe in dicta this court recognized that whereas here you have an underlying complaint that makes an allegation that potentially alleges coverage, and you have a declaratory action that's filed seeking a declaration of no coverage, and there are facts that are common and that they're ultimate in both cases, the proper course of action is to stay the declaratory judgment action pending resolution of the underlying case. Thank you very much. Thank you. We'll take this matter under advisement and be in recess until the next case.